UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cr-00006-JRS-CMM |
| ) | |
| JULIANN MAGALLANEZ, ) | -01 |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| SHANDI REICHENBAUGH, ) | |
| ) | |
| Claimant. ) | |

**Order on Motion to Strike Claim and for Summary Judgment**

Defendant Juliann Magallanez pleaded guilty to Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine, Unlawful Possession of a Firearm by a Convicted Felon, and Possession of Firearms in Furtherance of a Drug Trafficking Crime. (J. 1, ECF No. 47.) The Court sentenced Magallanez to a total of 180 months in prison and ordered that her interest in two firearms involved in the offenses be forfeited to the United States. (*Id*. at 2, 7.) Claimant Shandi Reichenbaugh asserts that she is the owner of these firearms and seeks their return. (Notice, ECF No. 54.) The United States moves for summary judgment on the grounds that Reichenbaugh failed to comply with 21 U.S.C. § 853's requirements for

asserting claims on property and failed to respond to discovery requests.[1]  (Mot. Strike & Summ. J., ECF No. 55.)

## I. Background

A grand jury charged Magallanez with Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine, Unlawful Possession of a Firearm by a Convicted Felon, and Possession of Firearms in Furtherance of a Drug Trafficking Crime.  (Indictment, ECF No. 1.)  This indictment included a forfeiture allegation in which the United States sought forfeiture of $2,610 U.S. dollars, a Taurus .38 caliber revolver with the serial number 1S26723, a Taurus 9mm handgun with the serial number 1GA56042, and ammunition.  (*Id.* at 4–5.)  On March 12, 2024, Magallanez pleaded guilty to the offenses alleged in the indictment.  (J. 1, ECF No. 47.)  The Court ordered that Magallanez forfeit the two firearms and all ammunition, (collectively, "subject property").  (*Id.* at 7.)  The United States published notice to potential claimants with legal interests in the subject property online from June 12, 2024, to July 11, 2024.  (Decl. Publication, ECF No. 55-1.)

On September 15, 2024, Reichenbaugh submitted a claim for the subject property.  (Pet., ECF No. 54-1.)  She claims that she is an innocent owner of the firearms, that they were taken while a friend was babysitting for her, and that she has since lost

---

[1] The United States' motion is titled Motion to Strike Claim and for Summary Judgment, but the only relief requested in the motion is summary judgment.  The motion's title and the supporting brief suggest that the Court also strike Reichenbaugh's claim, (Br. 2, ECF No. 56), but the Court may not strike claims in ancillary proceedings under Federal Rule of Criminal Procedure 32.2, and this is not requested in the motion itself.  *See United States v. Silnes*, No. 1:16-CR-00251-TWP-MJD-13, 2024 WL 3676763, at *4 n.1 (S.D. Ind. Aug. 6, 2024).

2

contact with that friend. (*Id.* at 5.) She also claims that her bill of sale was boxed with the firearms and was taken along with them. (*Id.*) The United States asked Reichenbaugh for further documentation on September 26, 2024, and sent discovery requests to multiple physical and email addresses associated with her on March 20, 2025. (*See* Br. 4–6, ECF No. 56.) Reichenbaugh did not respond to these requests and has not responded to the instant Motion.

## II.     Legal Standard

28 U.S.C. § 853(n) governs third party interests in criminal forfeitures. A claimant asserting an interest in forfeited property must petition the court for a hearing. 28 U.S.C. § 853(n)(2). The petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). If a petition does not "allege . . . all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing." *United States v. Furando*, 40 F.4th 567, 577 (7th Cir. 2022) (quoting *United States v. BCCA Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996)).

The petitioner must establish by a preponderance of the evidence that she either has some legal right in the property or is a bona fide purchaser for value. 21 U.S.C. § 853(n)(6). "Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979). In Indiana, "ownership of personal property is determined by reference to the indicia such as title, possession, and control." *United*

3

*States v. Bowser*, 834 F.3d 780, 784 (7th Cir. 2016) (citing *Rhoades v. State*, 70 N.E.2d 27, 29 (Ind. 1946)).

Federal Rule of Criminal Procedure 32.2(c) describes the ancillary proceeding the Court must hold when a third party asserts an interest in property to be forfeited. The Court may grant summary judgment under Federal Rule of Civil Procedure 56 after discovery. Fed. R. Crim. P. 32.2(c)(1)(B).

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court reviews the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court cannot weigh evidence or make credibility determinations on summary judgment—those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). Moreover, the Court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e). Evidence, not speculation, is needed to survive summary judgment. *Khungar*, 985 F.3d at 573.

The nonmoving party in a summary judgment motion must "respond to the moving party's properly supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial" rather than simply resting on the pleadings. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citing *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008)). More colloquially, the non-moving party must "put up or shut up." *Id.*

### III.  Discussion

Reichenbaugh did not respond to the Motion and thus has put nothing up to resist summary judgment. Her failure to respond to the Motion makes summary judgment appropriate. Fed. R. Civ. P. 56(e)(3).

Even if documents showing title, possession, or control existed, Reichenbaugh's failure to respond to discovery requests is itself a ground for dismissal. Fed. R. Civ P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(v); *see United States v. Reyes*, 307 F.3d 451, 457–58 (6th Cir. 2002).

Besides not responding to the Motion or discovery requests, Reichenbaugh's threadbare assertion that she owned the two guns does not meet the standards required of such petitions. Reichenbaugh attests that she acquired two guns at an unspecified time, in an unspecified manner, and that they disappeared, along with the bill of sale, when an unnamed friend was babysitting on an unknown date. (Pet. 5, ECF No. 54-1.) These assertions are insufficient to support her claim since they do

5

not "set forth . . . the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property" under Indiana law. 21 U.S.C. § 853(n)(3).

Because Reichenbaugh has not put forth any evidence that shows there is a genuine issue of material fact as to her ownership of the subject property, the United States is entitled to summary judgment. Fed. R. Crim. P. 32.2(c)(1)(B); Fed. R. Civ. P. 56.

## Conclusion

For the above reasons, the United States' Motion to Strike Claim and for Summary Judgment, (ECF No. 55), is **granted to the extent the United States is entitled to summary judgment**.

**SO ORDERED.**

Date: 12/31/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

William H. Dazey, Jr.
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.dazey@fd.org

Patrick Gibson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
patrick.gibson@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov